

**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

09/13/2022

CARR, JESS D
546 CAMP CLARK HILL
GALENA, MO 65656

RE: THELMA BOSTIK,

VS: JESS D. CARR

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

*Tre Hargett*

Tre Hargett
Secretary of State

Enclosures: Original Documents

**DOCUMENT INFORMATION**

SOS Summons # : 12855186

Case #:           22C1755

Certified #:      94890090002764313844470

SS-4214 (Rev. 8/15)

EXHIBIT A

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 315632

THELMA BOSTIK

Plaintiff

vs.

JESS D CARR
546 CAMP CLARK HILL
GALENA, MO 65656

Defendant

CIVIL ACTION
DOCKET NO. 22C1755
Method of Service:
Secretary of State

2022 SEP -7 PM 12:38

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 09/01/2022

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: /s/ Bryce Poole
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

HANNAH JONES
400 PROFESSIONAL PARK DRIVE
GOODLETTSVILLE, TN 37072

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF DAVIDSON )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

JOSEPH P. DAY, CLERK

By: /s/ Bryce Poole D.C.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022



CIRCUIT COURT SUMMONS                                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 315632

|  |  |
|---|---|
| THELMA BOSTIK | CIVIL ACTION<br>DOCKET NO. 22C1755<br>Method of Service:<br>  Secretary of State |
| Plaintiff |  |
| vs. |  |
| JESS D CARR<br>546 CAMP CLARK HILL<br>GALENA, MO 65656 |  |
| Defendant |  |

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 22C1755 to the Defendant, JESS D CARR . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON
_____ DAY OF _____, 20____.

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **THELMA BOSTICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Docket No.** _____ |
| | ) |
| **JESS D. CARR and BIG M** | ) |
| **TRANSPORTATION, INC,** | ) |
| | ) |
| **Defendants.** | ) |

### COMPLAINT

Comes now the Plaintiff, Thelma Bostick, by and through counsel, and would respectfully submit to the Court the following Complaint:

1.     The Plaintiff, Thelma Bostic, is a resident of the State of Tennessee, residing in Davidson County.

2.     The Defendant Jess D. Carr resides at 546 Camp Clark Hill, Galena, MO 65656, in Christian County.

3.     The Defendant Big M Transportation, INC, is a for-profit corporation doing business in Tennessee and can be served through its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, TN 37919.

4.     This Complaint concerns an automobile collision on or about November 3, 2021, occurring at or near mile marker 97 on Interstate 65 North in Davidson County, Tennessee.

5.     At the time of the collision which is the subject of this Complaint, Defendant Jess D. Carr was operating a tractor trailer while in the course and scope of his employment or agency for Defendant Big M Transportation, INC.

6.     At the time of the collision which is the subject of this Complaint, the tractor trailer which Defendant Jess D. Carr was operating was owned by Defendant Big M Transportation, INC, and the tractor trailer was registered in the name of Defendant Big M Transportation, INC.

7.     Pursuant to Tenn. Code Ann. §§ 55-10-311 and -312, the fact that Defendant Jess D. Carr was operating a tractor trailer owned by and registered to Defendant Big M Transportation, INC establishes, by *prima facie* evidence, that:

(a)     Defendant Jess D. Carr was operating the tractor trailer for Defendant Big M Transportation, INC's use and benefit;

(b)     Defendant Jess D. Carr was operating the tractor trailer within the course and scope of his employment for Defendant Big M Transportation, INC; and

(c)     Defendant Jess D. Carr was operating the tractor trailer with the authority, consent, and knowledge of Defendant Big M Transportation, INC.

8.     Defendant Big M Transportation, INC is liable and legally responsible for the acts and/or omissions of Defendant Jess D. Carr because it owned the tractor-trailer at the time in question according to Tenn. Code Ann. §§ 55-10-311 & -312 and applicable federal law.

9.     At the time of the collision, which is the subject of the Complaint, Defendant Jess D. Carr was acting as the employee of Defendant Big M Transportation, INC as defined by 49 C.F.R. § 390.5.

10.     Because Defendant Jess D. Carr was acting in the course and scope of his employment for the Defendant Big M Transportation, INC at the time of the crash which

is the subject of this Complaint, Defendant Big M Transportation, INC is vicariously liable for the negligent or reckless acts or omissions of Defendant Jess D. Carr by operation of the doctrine of *respondeat superior*.

11. At the time of the collision on November 3, 2021, Defendant Jess D. Carr operated the tractor trailer owned by and registered to Defendant Big M Transportation, INC in a negligent or reckless manner so as to strike the vehicle containing the Plaintiff Thelma Bostick, causing a collision which resulted in personal injuries to the Plaintiff.

12. Since this collision, the Plaintiff has received examination, evaluation, treatment, and therapy for injuries caused by the Defendants. Such injuries have greatly hindered the enjoyment of life of the Plaintiff.

13. The Defendant Jess D. Carr had a duty to keep a proper lookout ahead; to drive at a reasonable and safe speed; to safely maintain his vehicle within its proper lane of travel; to obey all traffic lights, traffic signals, and rules of the road; to see all that came into the Defendant's line of sight; and to drive reasonably and carefully. At all times herein material, the Defendant Jess D. Carr was guilty of the following acts of common law negligence, which acts or omissions were the direct and proximate cause of the damages and injuries sustained by the Plaintiff:

(a) Operating a vehicle at a speed too great for the circumstances then and there existing.

(b) Failing to maintain a proper lookout ahead.

(c) Carelessly operating a vehicle in a manner which caused it to strike the vehicle containing the Plaintiff.

(d)     Failing to take evasive action by applying the brakes or otherwise steering the vehicle in order to avoid a collision once that collision was imminent.

(e)     Failure to maintain his vehicle in the proper lane of travel.

(f)     Failure to obey a traffic light.

14.     In addition to the aforementioned acts of negligence, the Defendant Jess D. Carr, was negligent per se in that he drove a tractor trailer with such a willful, reckless and wanton disregard to the safety of the Plaintiff so as to constitute reckless driving in violation of Tenn. Code Ann. § 55-10-205.  Furthermore, the Defendant was negligent per se in violating the following statutory provisions:

(a)     Tenn. Code Ann. § 55-8-124  Following too Closely

(b)     Tenn. Code Ann. § 55-8-152  Failure to obey speed limit

(b)     Tenn. Code Ann. § 55-8-136, Failure to use Due Care

(c)     Tenn. Code Ann. § 55-8-199  Use of handheld device while driving

(d)     Tenn. Code Ann. § 65-15-11, Log Book Violations

(e)     49 C.F.R. 395.1, Hours of Service Violations

15.     Upon information and belief, Defendant Jess D. Carr was operating a tractor trailer at a time when he knew or should have known he was in violation of federal hours of service regulation and/or when he knew or should have known he was dangerously fatigued, and it was negligent or recklessness for him to do so. This negligence or recklessness was a direct and proximate cause of the crash which is the subject of the Complaint.

16.     Upon information and belief, Defendant Big M Transportation, INC knew or should have known Defendant Jess D. Carr was operating its tractor trailer at a time

when Jess D. Carr was in violation of federal hours of service regulations and/or when he was dangerously fatigued and failed to prevent him from doing so. Such failure was negligent or reckless, and the failure was a direct and proximate cause of the crash which is the subject of this Complaint.

17.     Defendant Big M Transportation, INC knew or should have known that the decision to hire and retain Defendant Jess D. Carr and to allow him to operate its tractor trailer on the date of the crash which is the subject of the Complaint posed a foreseeable danger of harm to other drivers on the road, including the Plaintiff. The Defendant's negligence in this regard was a direct and proximate cause of the crash which is the subject of this Complaint.

18.     Defendant Big M Transportation, INC, also was negligent or reckless in the following ways:

(a)     negligently hiring Defendant Jess D. Carr, to drive a tractor-trailer;

(b)     negligently failing to adequately train Defendant Jess D. Carr regarding the safe operation of a tractor-trailer;

(c)     negligently retaining Defendant Jess Carr to drive a tractor-trailer;

(d)     negligently supervising Defendant Jess D. Carr in driving a tractor-trailer;

(e)     negligently training and supervising Defendant Jess D. Carr with regard to the dangers of fatigued driving and federal motor carrier safety regulations regarding hours of service.

(f)     failing to use due care with regard to Defendant Jess D. Carr.

19.     As a direct and proximate result of one or more acts of negligence or recklessness of the Defendants, the Plaintiff suffered and continues to suffer injuries and

damages as follows: damage to personal property, past and future pain and suffering, emotional distress, past and future medical expenses, loss of income and lost earning capacity, permanent impairment, and loss of enjoyment of certain employment, social and recreational activities.

20. As a result of the injuries suffered and damages incurred by the Plaintiff, the Defendants are liable to the Plaintiff for the aforementioned losses.

21. The amount in controversy is a fair, just, and equitable amount to be decided by the trier of fact after hearing all of the evidence at trial. Pursuant to Tenn. R. Civ. P. 8.01 and 15.02, the amount awarded by the trier of fact shall not exceed $500,000.00, for compensatory damages against the Defendants.

## PREMISES CONSIDERED, THE PLAINTIFF PRAYS:

1. That process issue and the Defendants be required to respond under the Tennessee Rules of Civil Procedure.

2. That the Plaintiff be awarded a sum to be proven at the time of trial for damages caused by the Defendants, but not to exceed $500,000.00.

3. That the cost of this action be taxed to the Defendants.

4. For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

Respectfully submitted,

Hannah Jones, BPR #039512
Michael D. Ponce & Associates
Attorneys for Plaintiff

400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

|  |  |
|---|---|
| THELMA BOSTICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Docket No. _____ |
| | ) |
| JESS D. CARR and BIG M | ) |
| TRANSPORTATION, INC, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS TO THE DEFENDANT JESS D. CARR

I herewith serve upon the Defendant Jess D. Carr, the following written Interrogatories and Request for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within thirty days (30) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)    As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)    As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)    As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)    As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)    As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)    As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)    With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)    If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefor.

# INTERROGATORIES

1.    Give your correct legal name, any prior name you may have been known by, age, date of birth, social security number, residence address, telephone number, business address and occupation, and if married, give the name of your spouse.

**RESPONSE:**


2.    State each address at which you have resided over the past fifteen (15) years, as well as the duration you lived at each address, who resided there with you, and why you moved.

**RESPONSE:**


3.    State the extent of your educational background, identifying as part of your answer all schools, with their respective addresses, (including any specialized training programs) you have attended during your life, as well as any degrees, diplomas or certificates awarded (with the dates such were awarded).

**RESPONSE:**


4.    With reference to each and every employer, either full or part-time, for whom you have worked in the past fifteen (15) years, please state the following:

  (a)    Name, address, telephone number and nature of business;

  (b)    Your position, responsibilities, and inclusive dates of employment;

(c)     Your starting and ending salary or hourly rate of compensation, as well as your approximate weekly earnings after taxes; and

(d)     Reason for termination of employment.

**RESPONSE:**

5.     Identify by name, address, telephone number, and relationship to any party in this lawsuit all persons believed by you to have knowledge of any discoverable evidence or information or is believed to be in possession of documents and things relevant to either the alleged crash itself or your claims for damages in this lawsuit. As part of your response, for each witness so identified briefly describe what discoverable evidence or information said witness is believed to know or what documents or things you believe each person possesses.

**RESPONSE:**

6.     Describe in detail every other motor vehicle collision which you have been involved in before or after this crash, as a driver or passenger, including date, time, place, and injuries sustained by you personally.

**RESPONSE:**

7.     Please state the full name and last known address and telephone number of each and every person, including experts, whom you plan to call to testify at the trial of this matter and state the facts or opinions that the person is expected to testify about as well as the basis for

those opinions and/or facts.   Additionally, for each person whom you expect to call as an expert witness at trial, please state the following:

(a)     The expert's full name, business address and telephone number;

(b)     The subject matter on which the expert is expected to testify;

(c)     The substance of the facts and opinions to which the expert is expected to testify; and

(d)     A summary of the grounds for each opinion.

**RESPONSE:**

8.     Please state whether you or any passenger had any of the following in the car with you at the time of the crash:   cellular telephone (on or off), food (opened or unopened), beverages (opened or unopened), reading material, and cigarettes or other smoking material (lit or unlit, packaged or not). If during the five-minute period immediately before the impact with the Plaintiff you were engaged in any activity which required the use of one or both hands, such as smoking, using a cell-phone, adjusting equipment or touching some person or object, please identify and describe such conduct or activity in detail, including in your response:

(a)     A complete description of the activity;

(b)     The duration of the activity;

(c)     How long in seconds before the occurrence such activity ended and

(d)     The phone number and cellular service provider name for every cell phone present in the vehicle at the time of the crash.

**RESPONSE:**

9. For a time span of 30 minutes before to 30 minutes after the incident which is the subject of the Complaint, please identify every single way you used any cell phone, tablet, or other electronic device in your possession. This should include every phone call, text message, or data transmission you made with any such device. Your response should include all calls placed or received, even if incomplete, all text messages sent or received, any other kinds of messages sent or received, and any data transmissions including the viewing any Internet site, app, video conferencing, GPS navigation, or any other function. For each particular usage, specify the following in addition to the information listed above:

(a) The specific time or times when the device was used;

(b) To whom any outgoing call or message was sent, with name and phone number;

(c) From whom any incoming call or message was received, with name and phone number;

(d) The duration of any call, video chat, or other communication; and

(e) The name of any website or application viewed.

**RESPONSE:**

10. Please state where you were going when the crash occurred and when you needed or wanted to be there. Specifically describe your route of travel (identifying streets traveled) from point of departure to intended destination on the date of the alleged crash, stating as part of your description the full address of your point of departure, and the location, duration, and purpose of all subsequent stops prior to the crash.

**RESPONSE:**

11.    Specifically describe, by time of day and nature of, the activities you engaged in and your movements starting from 24 hours before the crash up through 24 hours after the crash.

**RESPONSE:**

12.    List each of the following:
   (a)    The names and addresses of those persons who have given to you, your attorney, or any person, firm or corporation acting on your behalf, any statements, crash reports, voice recordings, medical proof of claim forms, reports, or memoranda in any way concerning the incident.
   (b)    The name, telephone number, and address of the person, firm or corporation who now has possession of same.

**RESPONSE:**

13.    Specify whether you were acting within the scope of your employment or acting as an agent of any other person or entity at the time of the crash. If so, describe the relationship and the arrangement, the identity of employer, and the address and phone number of the employer.

**RESPONSE:**

14.    List the names, addresses, phone numbers, and training of any persons trained in analyzing, inspecting, investigating, observing, or making calculations based upon crash sites, road conditions, vehicle damage, or related factors who have inspected, observed, or otherwise been in contact with either your vehicle or that of the Plaintiff's. Please also give the dates on which such persons observed the crash site or vehicles involved and what physical evidence was observed, what measurements were made, what opinions were formed, and what tests were performed.

**RESPONSE:**

15.    State whether your driver's license is subject to any restrictions. Please list each restriction and state whether you were in compliance with the restriction(s) on your driver's license at the time of this crash.

**RESPONSE:**

16.    Describe any injuries you sustained in this crash.

**RESPONSE:**

17.    Give a detailed description, in your own words, of the events immediately before, during, and after this crash, including your position on the road and the position of the Plaintiff Thelma Bostick.

**RESPONSE:**

18. Describe in detail, any conversation or any words you may have exchanged with the Plaintiff Thelma Bostick or any other person at the scene of the crash.

**RESPONSE:**

19. Describe in detail any citations or warnings for traffic violations you have received for this crash, or before or after this crash. Include the date and a description of the disposition of such violation(s).

**RESPONSE:**

20. Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these interrogatories, listing with respect to such person the number(s) of the interrogatories to which such person was consulted, was relied upon, or otherwise constituted a source of information.

**RESPONSE:**

21. Have you, or any person acting on your behalf, obtained any letter, note, correspondence, computer report, official record, or other document or record relating to the Plaintiff, Thelma Bostick? If so, identify such document or record. This interrogatory includes, but is not limited to, criminal records, "background check" records, employment records, medical records, and any other record relating to the background or history of the Plaintiff.

**RESPONSE:**

22. Have you or any person acting on your behalf, obtained any letter, note, correspondence, computer report, official record, or other document or record relating to any prior collisions or injuries which may have involved the Plaintiff? If so, identify such document or record.

**RESPONSE:**

23. Have you or anyone working on your behalf, or on behalf of any representative of yours, made any attempt to survey, observe, photograph, and/or record, by any means, the Plaintiff to this action. If so, describe the result of the attempts, the dates of these attempts, and the identity of all individuals making such attempts. Please provide complete copies of all documents, exhibits, photographs, movies, videotapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings, that depict the Plaintiff in this action, made by the individuals identified in response to this interrogatory.

**RESPONSE:**

24. Identify the owner(s) and all occupant(s) of the vehicle which you were operating at the time of the crash giving rise to the Complaint.

**RESPONSE:**

25. Identify the motor vehicle you were operating at the time of the crash alleged in the Complaint including the year, make, model, color, body type, weight without occupants or cargo, weight of occupants and cargo at time of crash, type of bumper, including any modifications that have been made to the vehicle since its manufacture (e.g. towing package),

vehicle condition prior to the crash (including condition of tire, lights and brake systems), vehicle condition following the crash (including a detailed description of all damage whether visible or latent), and the identity of the body shop or person performing repairs following the crash. Also, state in U.S. dollars the amount of any property damage sustained by the vehicle you were operating, and, as a part of your response, explain how you calculated the same. If your vehicle has not been repaired, please do not have it repaired before Plaintiff's counsel is contacted and given an opportunity to have the vehicle you were operating inspected.

**RESPONSE:**

26. Did you consume any drug, medicine, alcohol or intoxicant within 24 hours of the crash? If so:

      a.) What did you consume?

      b.) Where did you consume the substance?

      c.) How much did you consume?

      d.) When did you consume the substance?

      e.) With whom did you consume the substance?

      f.) From whom did you obtain the substance? Was it provided gratuitously or did you purchase it?

**RESPONSE:**

27.     Have you ever been charged for, arrested for, or convicted of a crime?
If so, please describe:

      a.)     The details of the circumstances surrounding the charge(s).

      b.)     The charge(s).

      c.)     The date(s) of the charge(s), arrest(s), and/or conviction(s).

      d.)     The location (including county and state) of the charge(s), arrest(s), and/or conviction(s).

      e.)     The disposition of each charge(s), arrest(s), and/or conviction(s).

**RESPONSE:**


28.     Has your Driver's License ever been suspended or revoked? If so, please state with specificity when and why.

**RESPONSE:**

**STATE OF** _____ )
**COUNTY OF** _____ )

     I, _____, being first duly sworn, hereby depose and say that the answers to the foregoing Interrogatories are true to the best of my knowledge and belief.

_____
JESS D. CARR

Sworn to and subscribed before me this the _____ day of _____, 20___.

_____
NOTARY PUBLIC

My Commission Expires: _____

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT JESS D. CARR

Plaintiff requests that the Defendant produce the following documents pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure.

1.     Please produce all documents referred to, identified, or used in answering the Interrogatories set forth above.

**RESPONSE:**

2.     Please produce copies of any and all photographs, movies, or videos in your possession that depict the property damage sustained by either vehicle involved in this crash and state when such were taken, where they were taken, and by whom.

**RESPONSE:**

3.     Please produce all documents and exhibits, photographs, movies, video tapes, charts, recordings, or maps on which you are relying to answer the above Interrogatories and Request for Production of Documents, and/or which you plan to present, even if only as demonstrative evidence, at the trial of this matter.

**RESPONSE:**

4. Please produce a copy of all notes, photographs, drawings, depictions, estimates, and other documents made or completed by any appraiser of your vehicle or that of the Plaintiff Thelma Bostick with regard to the damages sustained in this crash.

**RESPONSE:**

5. Please produce all documents, exhibits, photographs, movies, videotapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings in your possession that depict the location of the crash that you had with Plaintiff Thelma Bostick.

**RESPONSE:**

6. Please produce all documents, exhibits, photographs, movies, videotapes, surveillance tapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings in your possession that depict the Plaintiff Thelma Bostick either before or after the crash that you had with him.

**RESPONSE:**

7. Please produce all documents, exhibits, photographs, movies, videotapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings that you intend to allow the jury, or other finder of fact, to view, inspect or observe at the trial of this matter.

**RESPONSE:**

8.     Please provide cell phone records for every cell phone that was in the vehicle at the time of the crash, for a time period spanning from 24 hours before the crash to 24 hours after the crash.

**RESPONSE:**


9.     Please produce the repair bill and any and all estimates of repair to the vehicle you were driving at the time of the crash alleged in the Complaint.

**RESPONSE:**


10.     Please produce any trade publications or standard(s)which you intend to use as evidence, which may be used as evidence by any expert witness called to testify by you, or which you intend to use to impeach any witness called by the Plaintiff.

**RESPONSE:**


11.     Please produce any photographs in your possession, the possession of your attorney or your agent indicating the appearance of the vehicle you were driving prior to the crash which gives rise to the present lawsuit.

**RESPONSE:**

12. Please produce copies of any settlement document(s), including release(s), check(s) or other documentation with respect to payments made by you, your insurance company, or the company providing coverage for the vehicle you were driving, to any person, firm or corporation for damage arising out of the crash alleged in the complaint.

**RESPONSE:**


13. Please produce the declaration page of any insurance policy providing coverage to you, your family, and the vehicle you were driving at the time of the crash alleged in the Complaint.

**RESPONSE:**


14. Please produce every record in your possession containing information about the Plaintiff, including, but not limited to, medical records, employment records, insurance claim records, tax records, criminal records, or any other type of written, recorded, or electronic record, except for privileged work product created by you or the other Defendant or their counsel in anticipation of litigation.

**RESPONSE:**


15. If you intend to call an expert witness (witnesses) to testify in this case, please produce the following with respect to each such witness:

(a) A current and complete resume or curriculum vitae for the witness;

(b) A list of all cases the witness has testified in by way of oral deposition or trial testimony, including the name(s) of the attorney(s) who called the witness, during the five (5) year period immediately preceding your response;

(c) Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and trial testimony for all defendants, defense law firms, and/or automobile liability insurance companies during the last five years.

(d) Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and trial testimony for all Plaintiff and/or Plaintiff law firms during the last five years.

(e) If the witness is a biomechanical engineer, produce the number of cases where he/she has performed analysis or reconstruction where force from crash was sufficient to cause injury, during the five (5) year period immediately preceding your response;

(f) If the witness is a biomechanical engineer, produce the number of cases where he/she has performed analysis or reconstruction where force from crash was insufficient to cause injury, during the five (5) year period immediately preceding your response;

(g) All raw facts, information, and/or data which would include all notes, tests, photographs, videotapes, audio tapes, results, measurements, computer information, data or computer disks or hard drives, or any other information

which in any way was relied upon by the witness in preparation of his/her report, analysis, reconstruction, or in the formulation and preparation of the opinions and conclusions contained therein, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case;

(h)     Copies of any and all literature, journal articles, treatises, technical papers or any other written and/or computer-generated material or information of any type relied upon in any way in the preparation of the witness' report, analysis, reconstruction, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case.

**RESPONSE:**

16.     Please produce copies of any record identified in your responses to Interrogatories No. 21 or 22 above.

**RESPONSE:**

## REQUEST FOR ADMISSIONS

Comes now the Plaintiff, pursuant to Rules 26 and 36 of the Tennessee Rules of Civil Procedure, hereby requests that Defendant Jess D. Carr, admit the truth of the following matters within the time period allowed by Rule 36 of the Tennessee Rules of Civil Procedure.

1. Admit that your vehicle sustained damage primarily to the front end.

   **RESPONSE:**

2. Admit that the vehicle driven by the Plaintiff Thelma Bostick sustained damage primarily to the rear end.

   **RESPONSE:**

3. Admit that the Plaintiff Thelma Bostick sustained injuries in this crash.

   **RESPONSE:**

4. Admit that this crash could have been avoided if you had exercised due care.

   **RESPONSE:**

5. Admit that this crash was your fault.

   **RESPONSE:**

6. Admit that your actions were the sole cause of the crash.

   **RESPONSE:**

7. Admit that the Plaintiff Thelma Bostick was not at fault for causing this crash.

   **RESPONSE:**

8.    Admit that no other entity contributed to or caused the crash.

**RESPONSE:**

9.    Admit that you were driving at a speed in excess of the posted speed limit when you struck the Plaintiff's vehicle.

**RESPONSE:**

10.    Admit that you failed to stop when you struck the Plaintiff's vehicle in the rear.

**RESPONSE:**

11.    Admit that the vehicle the Plaintiff was driving sustained over $1,000.00 in damage in the crash which is the subject of the Complaint.

**RESPONSE:**

12.    Admit that Defendant Big M Transportation, INC is the owner of the tractor and trailer that you were driving at the time of the crash that is the subject of this lawsuit.

**RESPONSE:**

13.    Admit that the vehicle you were driving sustained over $1,000.00 in damage in the crash which is the subject of the Complaint.

**RESPONSE:**

14.    Admit that the medical treatment received by the Plaintiff was reasonable and necessary.

**RESPONSE:**

15.    Admit that the damage to the Plaintiff's vehicle was so severe that it had to be towed from the scene.

**RESPONSE:**


16.    Admit that you were driving a vehicle owned by Defendant Big M Transportation, INC at the time of the crash.

**RESPONSE:**


17.    Admit that you had Defendant Big M Transportation's permission to drive this vehicle at the time the crash occurred.

**RESPONSE:**

**STATE OF** _____ )
**COUNTY OF** _____ )

I, _____, being first duly sworn, hereby depose and say that the answers to the foregoing Requests for Admissions are true to the best of my knowledge and belief.

_____
JESS D. CARR

Sworn to and subscribed before me this the _____ day of _____, 20___.

_____
NOTARY PUBLIC

My Commission Expires: _____

Respectfully submitted,

Hannah Jones, BPR #039512
Michael D. Ponce & Associates
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendants.

On this ___1___ Day of ___Sept.___, 2022.

Hannah Jones